### L. K. HICKS v. SOUTHERN RAILWAY COMPANY.

(Filed 22 April, 1925.)

**1. Evidence—Nonsuit—Statutes.**

A motion as of nonsuit made under the provisions of C. S. 567, at the close of plaintiff's evidence and renewed at the close of all the evidence, will be denied if it is sufficient to support a verdict in plaintiff's favor taken in the light most favorable to him, whether elicited on direct or cross-examination, and he is entitled to the benefit of every reasonable inference to be drawn therefrom.

**2. Railroads—Negligence—Contributory Negligence—Damages.**

The contributory negligence of an employee against a railroad company, his employer, will not be held under our statute as a complete bar to his recovery of damages inflicted by the defendant's negligence, but the jury must take it into consideration under proper instructions from the court, in diminishing the amount of damages recoverable.

APPEAL by defendant from *McElroy, J.,* at January Term, 1925, of GUILFORD.

Civil action tried upon the following issues:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by his own negligence contribute to his said injury, as alleged in the answer? Answer: Yes.

"3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $5,000.00."

From a judgment on the verdict for plaintiff, the defendant appeals, assigning errors.

*Bynum, Hobgood & Alderman for plaintiff.*
*Wilson & Frazier for defendant.*

PER CURIAM. Defendant relies entirely upon its demurrer to the evidence, interposed first at the close of plaintiff's evidence, by motion to dismiss the action or for judgment as of nonsuit, and renewed by like motion at the close of all the evidence. C. S., 567.

Viewing the evidence in its most favorable light for the plaintiff, the accepted position on a motion of this kind, we think the trial court was justified in submitting the case to the jury and that the verdict is amply supported thereby. It is the settled rule of practice in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support his cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, is to be taken and considered in its most favorable light for the

plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom. *Nash v. Royster, ante,* 408.

No benefit would be derived from detailing the testimony of the several witnesses, as the only question before us is whether it is sufficient to carry the case to the jury, and we think it is.

The plaintiff being in the employ of a common carrier by railroad, and having brought his action to recover damages for an alleged negligent injury, received while in the discharge of his duties as such employee, is not barred of his right to recover by reason of his own contributory negligence, but such negligence is to be taken in consideration by the jury in diminishing the damages which he otherwise would have been entitled to have awarded. The rule applicable is stated in *Cobia v. R. R.,* 188 N. C., p. 496.

The evidence was conflicting on the main issue of liability; the jury has determined the matter against the defendant; there is no reversible error appearing on the record; the verdict and judgment will be upheld.

No error.